[Crim. No. 1306. First Appellate District, Division One.—January 4, 1926.]

## Ex parte CIRRO on Habeas Corpus.

[1] CRIMINAL LAW—EMBEZZLEMENT—EVIDENCE—HABEAS CORPUS.—A person charged with embezzlement, as agent, of certain grapes will be released, on *habeas corpus*, where it shown that the grapes were disposed of in conformity with the lawful exercise of his trust and under the express agreement of the parties.

(1) 29 C. J., p. 43, n. 38.

PROCEEDING on Habeas Corpus to secure release from custody on a charge of embezzlement. Writ granted.

The facts are stated in the opinion of the court.

Emilio Lastreto and Alexander Mooslin for Petitioner.

1. See 9 R. C. L. 1297.

R. M. J. Armstrong, Matthew Brady, District Attorney, and William W. Murphy, Deputy District Attorney, for Respondent.

TYLER, P. J.—Petitioner was accused by complaint filed in the police court of the city and county of San Francisco with having embezzled some nine carloads of grapes.

He was held to answer for this offense and an information was subsequently filed charging petitioner with embezzlement as agent of the grapes.

He here seeks his discharge upon *habeas corpus* upon the ground that the testimony taken upon his preliminary examination shows conclusively that the complaining witness Anthony Barone and petitioner were partners and that the property alleged to have been embezzled was partnership property, for which reason petitioner is not guilty of any criminal offense. [1] It is further claimed that the grapes were disposed of in conformity with the lawful exercise of his trust and under the express agreement of the parties.

The district attorney concedes that petitioner is correct in this latter contention, and that the embezzlement, if any, was of the proceeds of the sale, an offense with which he is not here charged. A reading of the evidence shows this to be so.

It results that the petition must be granted and the petitioner discharged.

It is so ordered.

Knight, J., and Cashin, J., concurred.